IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ISELA ESCOBAR and NELSON ESCOBAR, <br><br> Plaintiffs, <br><br> vs. <br><br> ADVENTIST GLENOAKS HOSPITAL, an Illinois corporation, and JOHN B. DACANAY, M.D., <br><br> Defendants. | 07CV4891 <br> JUDGE CASTILLO <br> MAGISTRATE JUDGE COX |

## COMPLAINT AT LAW

Plaintiff, ISELA ESCOBAR and NELSON ESCOBAR, file their original complaint at law.

### Count I
### (Medical Malpractice – Negligence)
### (Isela Escobar)

#### A. Parties

1. Plaintiff, ISELA ESCOBAR, is an individual that is a citizen of the State of Indiana and resides in Lake County.

2. Plaintiff, NELSON ESCOBAR, is an individual that is a citizen of the State of Indiana and resides in Lake County.

3. NELSON ESCOBAR and ISELA ESCOBAR are husband and wife.

4. Defendant, ADVENTIST GLENOAKS HOSPITAL, is a corporation that is incorporated under the laws of Illinois. Defendant has its principal place of business in the State of Illinois. Defendant may be served with process by serving its registered agent David Crane, 12 Salt Creek Lane, Suite 400, Hinsdale, Illinois 60521.

5. Defendant, JOHN B. DACANAY, M.D. ("DR. DACANAY") (Illinois License No. 36091802), is sued individually and as an agent and/or employee of

ADVENTIST GLENOAKS HOSPITAL. DR. DACANAY may be served with process by serving him personally at GlenOaks Women's Healthcare, 303 E Army Trail Road, Suite 410A, Bloomingdale, Illinois 60108.

### B. Jurisdiction

6. The court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because the plaintiff and the defendants are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

### C. Venue

7. Venue is proper in this district under 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

### D. Facts

8. This lawsuit results from a wrongful conception and/or pregnancy due to a negligently performed tubal ligation sterilization procedure that ISELA ESCOBAR underwent at ADVENTIST GLENOAKS HOSPITAL at 701 N. Winthrop Avenue, Glendale Heights, Illinois 60139.

9. On and before May 19, 2005, DR. DACANAY acted as the apparent agent of the defendant, ADVENTIST GLENOAKS HOSPITAL.

10. On and before May 19, 2005, DR. DACANAY acted as the actual agent of the defendant, ADVENTIST GLENOAKS HOSPITAL.

11. On and before May 19, 2005, DR. DACANAY was a physician licensed to practice medicine within the State of Illinois who held himself out to members of the public, including the plaintiff, ISELA ESCOBAR, as having specialized training and experience in the medical specialty of obstetric and gynecologic medicine.

12. On and before May 19, 2005, and at all times material, DR. DACANAY was acting within the course and scope of his agency and/or employment at ADVENTIST

GLENOAKS HOSPITAL.

13. On or about May 19, 2005, and at all times material, ISELA ESCOBAR was a patient at ADVENTIST GLENOAKS HOSPITAL.

14. On or about May 19, 2005, ISELA ESCOBAR underwent a bilateral tubal ligation[1] sterilization procedure with Filshie clip by DR. DACANAY at ADVENTIST GLENOAKS HOSPITAL.

15. On or about September 13, 2005, ISELA ESCOBAR conceived a child.

16. On June 20, 2006, ISELA ESCOBAR gave birth to a healthy baby boy.

17. At no time between May 2005 and June 2006 did ISELA ESCOBAR have her tubal ligation reversed.

18. On and before May, 19, 2005, and at all times relevant, the agents and/or employees at ADVENTIST GLENOAKS HOSPITAL who were involved in the care and treatment of patients, and DR. DACANAY had a duty to exercise that degree of care, skill, and caution in administering medical care and treatment to ISELA ESCOBAR that a reasonably trained health care professional in the same or similar community at that time would exercise in the same or similar case under like circumstances.

19. That in deviation of their aforementioned duty to ISELA ESCOBAR, defendants, ADVENTIST GLENOAKS HOSPITAL, through the acts of its agents, servants, and/or employees, and DR. DACANAY were guilty of one or more of the following careless and negligent acts or omissions:

      (a) carelessly and negligently performed a tubal litation on ISELA ESCOBAR; and/or

      (b) carelessly and negligently performed a postpartum tubal ligation with Filshie clip application.

20. That as a direct and proximate result of the aforementioned careless and negligent

---

[1] Tubal ligation is a permanent form of female sterilization, in which the fallopian tubes are severed and sealed or "pinched shut", in order to prevent fertilization.

act or omission by the defendants, ADVENTIST GLENOAKS HOSPITAL, by and through its authorized agents and employees, and DR. DACANAY, the plaintiff, ISELA ESCOBAR, became pregnant in the face of aforementioned sterilization procedure, and suffered injuries of personal and pecuniary nature.

20. Attached hereto and made a part hereof is an affidavit and medical report submitted in compliance with Section 2-622(a)(2) of the Illinois Code of Civil Procedure.

21. Plaintiff's damages are in excess of Seventy-Five Thousand Dollars ($75,000.00), the minimum jurisdictional amount of this Court.

**WHEREFORE** the plaintiff, ISELA ESCOBAR, prays this court for damages according to proof and for such other and further relief as this Court deems just.

### Count II
### (Medical Malpractice – *Res Ipsa Loquitor*)
### (Isela Escobar)

1-17. Plaintiff repeats, realleges, and incorporates paragraphs one (1) through seventeen (17) of Count I as paragraphs one (1) through seventeen (17) of this Count II with the same force and effect as though fully set forth herein.

18. During the above-referenced tubal ligation procedure, the plaintiff's body was placed on the operative table and was placed under spinal anesthesia.

19. For the entire duration of the tubal ligation procedure described above, the plaintiff remained incapacitated.

20. Throughout the entire aforesaid surgical procedure, the defendants, ADVENTIST GLENOAKS HOSPITAL, by and through its authorized agents and employees, and DR. DACANAY were responsible for correctly performing the tubal ligation upon the plaintiff.

21. At all times herein relevant, the plaintiff, ISELA ESCOBAR, during the aforementioned tubal ligation procedure, was under the complete and exclusive control of the defendants, ADVENTIST GLENOAKS HOSPITAL, by and through its authorized agents and employees, and DR. DACANAY.

22. The type of injuries suffered by the plaintiff as aforesaid under the circumstances as aforesaid are the type of injuries which do not ordinarily occur in the absence of negligence in the surgical technique and skill used by the defendants, ADVENTIST GLENOAKS HOSPITAL, by and through its authorized agents and employees, and DR. DACANAY.

23. That as a direct and proximate result of the aforementioned careless and negligent act or omission by the defendants, ADVENTIST GLENOAKS HOSPITAL, by and through its authorized agents and employees, and DR. DACANAY, the plaintiff, ISELA ESCOBAR, became pregnant in the face of aforementioned sterilization procedure, and suffered injuries of personal and pecuniary nature.

24. Attached hereto and made a part hereof is an affidavit and medical report submitted in compliance with Section 2-622(a)(2) of the Illinois Code of Civil Procedure.

25. Plaintiff's damages are in excess of Seventy-Five Thousand Dollars ($75,000.00), the minimum jurisdictional amount of this Court.

**WHEREFORE** the plaintiff, ISELA ESCOBAR, prays this court for damages according to proof and for such other and further relief as this Court deems just.

### Count III
### (Medical Malpractice – Negligence)
### (Nelson Escobar)

1-19. Plaintiff repeats, realleges, and incorporates paragraphs one (1) through nineteen (19) of Count I as paragraphs one (1) through nineteen (19) of this Count III with

the same force and effect as though fully set forth herein.

20. That as a direct and proximate result of the aforementioned careless and negligent act or omission by the defendants, ADVENTIST GLENOAKS HOSPITAL, by and through its authorized agents and employees, and DR. DACANAY, the wife of NELSON ESCOBAR became pregnant in the face of aforementioned sterilization procedure, and NELSON ESCOBAR suffered injuries of personal and pecuniary nature, including a loss of consortium during the relevant period of time.

21. Attached hereto and made a part hereof is an affidavit and medical report submitted in compliance with Section 2-622(a)(2) of the Illinois Code of Civil Procedure.

22. Plaintiffs' damages are in excess of Seventy-Five Thousand Dollars ($75,000.00), the minimum jurisdictional amount of this Court.

**WHEREFORE** the plaintiff, NELSON ESCOBAR, prays this court for damages according to proof and for such other and further relief as this Court deems just.

### Count IV
### (Medical Malpractice – *Res Ipsa Loquitor*)
### (Nelson Escobar)

1-22. Plaintiff repeats, realleges, and incorporates paragraphs one (1) through twenty-two (22) of Count II as paragraphs one (1) through twenty-two (22) of this Count IV with the same force and effect as though fully set forth herein.

23. That as a direct and proximate result of the aforementioned careless and negligent act or omission by the defendants, ADVENTIST GLENOAKS HOSPITAL, by and through its authorized agents and employees, and DR. DACANAY, the wife of NELSON ESCOBAR became pregnant in the face of aforementioned sterilization procedure, and NELSON ESCOBAR suffered injuries of personal and pecuniary nature, including a loss of consortium during the relevant period of time.

24. Attached hereto and made a part hereof is an affidavit and medical report submitted in compliance with Section 2-622(a)(2) of the Illinois Code of Civil Procedure.

25. Plaintiff's damages are in excess of Seventy-Five Thousand Dollars ($75,000.00), the minimum jurisdictional amount of this Court.

**WHEREFORE** the plaintiff, NELSON ESCOBAR, prays this court for damages according to proof and for such other and further relief as this Court deems just.

### JURY DEMAND

Plaintiffs, ISELA ESCOBAR and NELSON ESCOBAR, assert their rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

Respectfully submitted,

MUSLIN & SANDBERG

By: _____
CRAIG M. SANDBERG
ARDC No. 6257836
19 S. LaSalle Street, Suite 700
Chicago, Illinois 60603
(312) 263-7249